***********
The Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff sustained a compensable back injury on January 9, 1999 for which defendants accepted liability pursuant to a Form 60. Plaintiff was paid total disability compensation by defendants from January 10, 1999 to January 17, 1999; February 14, 1999 to March 28, 1999 and April 11, 1999 and continuing.
2. Plaintiff retained Roderick T. McIver, an attorney in Winston-Salem to represent her interests on March 3, 2000. Plaintiff signed a contract for legal services with Mr. McIver that authorized him to retain a fee of 25% of the total recovery if there is one. There is a provision in the contract entitled Quantum Meruit/Restitution that provides should the client discharge the attorney, the client is responsible for the time expended on the claim at the hourly rate of $75.00 per hour.
3. On October 1, 2001 a voluntary mediation took place. In attendance were Mr. McIver, plaintiff, Patti Burk who is the claim representative for defendant-carrier and Emmett McCall, mediator. The parties reached a compromise and signed a Mediated Settlement Agreement.
4. On or about October 19, 2001 Patti Burk informed Shannon Herndon, attorney for defendant-carrier and Mr. McIver that she did not wish to go forward with the settlement agreement and would rather proceed with vocational rehabilitation of plaintiff.
5. At the time of the October 1, 2001 mediation, plaintiff was capable of working a sedentary job. However, around October 29, 2001 plaintiff began treatment for her psychological injury.
6. On or about August 23, 2002 a second mediation was held. Plaintiff, Mr. McIver, Ms. Herndon, a representative for defendant-employer and Judge James Long, the mediator were in attendance. Sherry Ellingsen, a claims representative for defendant-carrier was in attendance via telephone standby. The mediation resulted in an impasse. No further settlement has been reached.
7. Plaintiff, through her counsel, filed a hearing request to determine the compensability of her psychological claim on or around September 2, 2002. Defendants have subsequently accepted plaintiff's psychological condition as compensable.
8. At this time, plaintiff has not been released to return to work by the physician treating her psychological condition.
9. Plaintiff, through her counsel, filed a motion for Enforcement of a Mediated Settlement Agreement. A hearing was held on September 22, 2003 before Deputy Commissioner Wanda Blanche Taylor who denied the motion in an Opinion and Award filed on December 22, 2004.
10. Plaintiff's counsel moved the deputy commissioner for an order directing distribution of attorney fees in this matter. The deputy commissioner found that plaintiff had entered into an agreement with her counsel to pay 25% of all monies recovered from his representation. Plaintiff objected to the allowance of attorney fees as he had not recovered any monies on her behalf. She was receiving indemnity benefits before Mr. McIver became involved in her claim. The deputy commissioner found that the fees were fair and reasonable and that the motion directing distribution fees was granted in an Order filed on January 24, 2005.
11. On May 12, 2005 Mr. McIver received a letter from plaintiff stating that she no longer wished him to represent her in this claim. Mr. McIver submitted a motion to withdraw to the Deputy Commissioner.
12. Pursuant to the request of the Full Commission at oral argument in this matter Mr. McIver submitted his billable hours spent on plaintiff's workers' compensation case. He has spent 142.50 hours working on plaintiff's claim over the last 4 years. His billable hourly rate is $75.00 per hour. The total amount of billable hours is $10,687.50. In addition $1,122.58 in litigation expenses is payable by plaintiff pursuant to the contract. The total amount due is $11,810.08.
13. Mr. McIver has received 30 checks in the amount of $60.20 from January 31, 2005 to the present totaling $1,806.00.
14. Mr. McIver has provided legal services pursuant to the contract to plaintiff for the past 4 years. According to the terms of the contract plaintiff owes Mr. McIver $10,004.08 for these services.
 ***********
Based upon the foregoing and findings of fact, the Full Commission concludes as follows:
 CONCLUSION OF LAW
Plaintiff's counsel is entitled to a reasonable attorney's fee of twenty-five percent of plaintiff's total recovery pursuant to the contract. N.C. Gen. Stat. § 97-90(c).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
 AWARD
1. Plaintiff's counsel is hereby awarded the sum of $10,004.08 in attorney's fees to be deducted from plaintiff's total recovery under the contract.
2. Plaintiff shall pay the costs of this action.
This the 24th day of October 2005.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER